**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:18-cr-136-MOC-DSC-1**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **HELEN MICHELLE WARREN,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Defendant's pro se Motion for Compassionate

Release/Reduction of Sentence. (Doc. No. 23). Defendant, an inmate at FCI Hazelton in Bruceton

Mills, West Virginia, seeks a reduction of her sentence based on the failing health of her mother

and father and the welfare of her children. In support of her request, she maintains that her parents

suffer from various severe illnesses including cancer, MS, high blood pressure and spine

deterioration (Id. at 1). In proof of these claims, she has submitted medical records from a recent

hospitalization of her father. (Id. at 12-15). These ailing parents are responsible for taking care of

Defendant's three children aged 7, 11, and 17. (Id. at 1; Doc. No. 25 at 1). A pro se letter from the

Defendant's mother confirms that one of the children has severe psychological struggles and is

difficult to parent. (Doc. No. 25. at 1). In support of this claim, Defendant submits medical records

of that child showing that she has been diagnosed with various emotional and psychological

disorders. (Doc. No. 23. at 16-17). In further support of her request for release, Defendant asserts

she has completed several rehabilitative programs, held steady employment, and maintained a

clean disciplinary sheet. (Id. at 2). But Defendant does not provide any medical records regarding

her mother's illness, does not provide her disciplinary sheet, does not state why she would not be

a danger to the public, and most importantly does not indicate whether she asked the Bureau of

Prisons to file a compassionate release request on her behalf.

Title 18, Section 3582(c)(1)(A)(i) authorizes criminal defendants to request compassionate release from imprisonment based on "extraordinary and compelling reasons." But before doing so, they must at least ask the Bureau of Prisons to do so on their behalf and give the Bureau thirty days to respond. See United States v. Raia, No. 20-1033, 2020 WL 1647922, at *1 (3d Cir. Apr. 2, 2020). Here, Defendant has not shown that she exhausted available administrative remedies by first asking the Bureau to file a compassionate release request on her behalf.

Furthermore, Defendant has not established extraordinary and compelling reasons to warrant a sentence reduction at this time. Although she asserts that her parents and children suffer from various ailments, Defendant has not submitted adequate medical evidence to the Court to prove those assertions.

Because Defendant has failed to show she exhausted administrative remedies provided by the Bureau, the Court declines to exercise any discretion it may have to modify his term of imprisonment at this time. See, e.g., United States v. Vigna, No. 16-CR-786, 2020 WL 1900495, at *6 (S.D.N.Y. Apr. 17, 2020) (declining to address the exhaustion question and requiring a defendant to file a compassionate release request with the Bureau).

If Defendant chooses to refile her motion after exhausting available remedies, she should supply any supporting evidence that can show why her case warrants compassionate release—including medical records for her father, mother, and child, evidence of her personal health, records of her criminal history, her prison disciplinary record, and a description of her danger to the community if released.

In sum, because Defendant has not exhausted available administrative remedies, the Court denies Defendant's motion.

**ORDER**

**IT IS, THEREFORE, ORDERED** that Defendant's pro se Motion for Compassionate Release (Doc. No. 23), is **DENIED**, without prejudice to Defendant to refile the motion after she has exhausted her remedies with the Bureau of Prisons.

Signed: September 11, 2020

Max O. Cogburn Jr.
United States District Judge